(895 P.2d 1267)
No. 72,518

STATE OF KANSAS, *Appellee*, v. CHRIS ALIRES, *Appellant*.

—

Opinion filed June 9, 1995.

*Thomas Jacquinot*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Don L. Scott*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before ELLIOTT, P.J., GREEN, J., and MARLA J. LUCKERT, District Judge, assigned.

ELLIOTT, J.: Chris Alires appeals the sentence imposed following his guilty plea to attempted sale of marijuana, contending the trial court erred in computing his sentence.

We affirm.

Here, the underlying crime is the sale of marijuana, which is a drug severity level 3 felony on the drug grid. See K.S.A. 1993 Supp. 65-4127b(b).

At sentencing, both parties agreed the crime severity level should be 3 on the drug grid; there was a dispute, however, over defendant's criminal history. The trial court found the criminal history should be classified at H. The court then imposed sentence based on the middle sentence in block 3-H of the drug grid, reduced by 6 months. The resulting sentence is 12 months.

Defendant argues that K.S.A. 1993 Supp. 21-3301(d) is ambiguous because it does not assign a crime severity level to attempted drug felonies as it does to attempted nondrug felonies. See K.S.A. 1993 Supp. 21-3301(c). Defendant contends that subsection (d)

should be construed to mean that the trial court is to first reduce the sentence by six months, then assign a crime severity level based on the reduced sentence.

The interpretation of K.S.A. 1993 Supp. 21-3301(d) presents a question of first impression. It provides: "An attempt to commit a felony which prescribes a sentence on the drug grid shall reduce the prison term prescribed in the drug grid block for an underlying or completed crime by six months."

When a statute is plain and unambiguous, it is not open to speculation as to the legislative intent behind it. Even penal statutes should not be read so as to add what is not readily found in the statute. *Boatright v. Kansas Racing Comm'n*, 251 Kan. 240, 245, 834 P.2d 368 (1992).

Although K.S.A. 1993 Supp. 21-3301(d) does not provide specific severity levels for attempted drug felonies, it does unambiguously provide that the sentence for such a crime is computed by reducing the sentence for the underlying crime by six months. It does not state that once the sentence is computed, a new crime severity level is to be assigned. To adopt defendant's interpretation of the statute would require us to add something not found in the statute's clear language.

Further, defendant's interpretation would also require the trial court to redetermine the sentence once the new crime severity level is assigned. In the present case, the middle sentence for defendant's underlying crime is 18 months based on the 3-H block of the drug grid. Reducing that sentence by 6 months results in a sentence of 12 months. Under defendant's interpretation, once the trial court has computed this sentence, it must then find the corresponding sentence on the drug grid and reassign the crime severity level. If this reassignment results in a change in sentencing from presumptive imprisonment to presumptive probation (which it would in this case), the trial court must then redetermine the sentence.

Such a construction is strained, to say the least, and we cannot believe the legislature intended such a result. The trial court properly calculated defendant's sentence.

Affirmed.