No. 75,698

SHER BENNETT, FRANK CARTMELL, MARK CUTSINGER, WILLIAM OCKERT, and STEVE LEDGERWOOD, *Appellants,* v. VAN DOREN INDUSTRIES, INC., a Kansas Corporation, DAVID VAN DOREN, WALTON CONSTRUCTION COMPANY, INC., a Kansas Corporation, and UNITED STATES FIDELITY AND GUARANTY COMPANY, a Maryland Corporation, *Appellees.*

(939 P.2d 874)

Opinion filed May 30, 1997.

*Robert T. Cornwell,* of Law Offices of Robert T. Cornwell, of Wichita, argued the cause, and *Carl W. Shewmaker,* of Eureka, was with him on the briefs for appellants.

*Richard W. Miller,* of Miller Law Firm, P.C., of Kansas City, Missouri, argued the cause, and *Weston A. Sechtem* and *Frederick J. Ernst,* of the same firm, were with him on the brief for appellees.

*James L. Wisler,* of Schroer, Rice, P.A., of Topeka, was on the brief for appellee Kansas Public Employees Retirement Systems.

The opinion of the court was delivered by

ALLEGRUCCI, J.: This appeal involves a wage dispute arising out of the construction of the El Dorado Correctional Facility. The

five named plaintiffs (Employees) and 199 proposed class members were wage and hour employees of Van Doren Industries, Inc., (Van Doren) a subcontractor on construction of the El Dorado Correctional Facility for the State of Kansas. Walton Construction Company, Inc., (Walton) was the prime contractor. Employees allege that they are third-party beneficiaries of both the contract between Walton and the State and the contract between Walton and Van Doren. Both contracts allegedly contain Davis-Bacon Act (40 U.S.C. § 276a [1994]) prevailing wage provisions, which were required by the legislature's appropriation for construction. L. 1989, ch. 31, § 9. Employees' petition in the district court sought to have a class certified, the difference between the required wage and the amount actually paid determined for each class member, and judgment for the amount of the indebtedness entered against Van Doren, Van Doren's principal, Walton, and United States Fidelity and Guaranty Company (USF&G), which issued Walton's performance bond. The district court dismissed the action, and Employees appealed. This appeal was transferred from the Court of Appeals pursuant to K.S.A. 20-3018(c).

Employees base their wage claims on the contract between Walton and the State and the contract between Walton and Van Doren. Employees "contend their claims are independent of any statute." They cast themselves as third-party beneficiaries of the contracts.

Employees concede that "the contracts that are the basis of this lawsuit are not yet in evidence" but "contend that the contracts they *intend to introduce* into evidence *after discovery* will be unambiguous and not subject to judicial interpretation." (Emphasis added.)

The district court's decision to dismiss the case was based on its conclusion "that the aforementioned Session Laws incorporate and implement the Davis-Bacon Act in its entirety and that the Davis-Bacon Act and [therefore] said Session Law apply to only those people that were actually working at the physical construction site."

Almost no factual record has been developed in this case. In the journal entry dismissing Employees' action, the district court made one finding of fact—none of the named plaintiffs worked at the site of construction of the El Dorado Correctional Facility. With

regard to that finding, the district court stated that "plaintiffs' counsel acknowledges that none of the named plaintiffs fit within this description," the description being of "those people that were actually working at the physical construction site"; thus, the court held that as a matter of law, Employees were covered by neither the federal nor the state law.

On appeal, Employees do not take issue with the district court's finding. Neither do they expressly confirm or deny that none worked on site. They come closer to confirming than denying the fact in the following paragraph of their statement of facts: "Van Doren Industries, Inc., again, with the approval of Walton Construction Company, Inc., the prime contractor, sub-contracted the positioning of the panels on site to yet another sub-contractor." The page referenced by Employees is in the document entitled "Walton Construction Company, Inc.'s Objection to Plaintiffs' Request to Certify Class." Examination of the page referenced by Employees does not reveal support for their statement. Another page from the same document, however, contains the following assertions:

"Van Doren was a manufacturer/supplier of precast wall and floor systems used in many types of building construction. Precasting is customarily not performed at a jobsite because of the desirability of climate control, which is available only when manufacturing is undertaken inside a manufacturing facility. Van Doren's primary manufacturing facility was located in Hays, Kansas. To meet its schedule with respect to the El Dorado project, Van Doren established a facility as an extension of its Hays plant. Van Doren leased a pre-existing building near El Dorado, Kansas located over five miles from the construction site.

"Van Doren entered into an agreement with Walton which called for Van Doren to provide labor, material and equipment necessary to manufacture the precast concrete work according to the prime contract documents. Van Doren, in turn, and after discussion with Walton and Allied Steel Construction Co., contracted the actual erection and related work on the precast units to Allied.

"Employees of Van Doren did not erect any of the units on the jobsite. This work was performed by Allied. If any work was performed by Van Doren personnel at the site, then it was solely touch-up and corrective work which would be a very minor percentage of the total precast work. Any Van Doren employees working at the construction site were paid Davis-Bacon wages."

The Davis-Bacon Act, 40 U.S.C. § 276a *et seq.*, since 1931 has required contractors to pay local prevailing wage rates to laborers

employed on building projects financed in whole or in part with federal money. Allegations in Employees' petition in the district court link the federal statutory requirement to construction of the El Dorado Correctional Facility:

"7. That prior to commencing construction of the El Dorado Correctional Facility in 1990, Walton Construction Company, Inc. entered into a contract with the State of Kansas, that by its terms, provided that the employees of its subcontractors be paid in accordance with prevailing wages determined in accordance with job classifications and wage rates prescribed under the federal Davis-Bacon act which would apply to a federally funded project at the location of any such state correctional facility.

"8. That Van Doren Industries, Inc. on July 20, 1990, entered into a subcontract with Walton Construction Company, Inc. providing that Van Doren Industries, Inc. would pay its employees the minimum wages prescribed by the contract of Walton Construction Company, Inc.

"9. That said contracts were entered into in accordance with Chapter 31 of the 1989 Session Laws of the State of Kansas, a copy of which is attached hereto as Exhibit A and incorporated herein by reference as fully as if set out at length herein, which mandated the inclusion of 'Davis-Bacon' provisions in the contracts of contractors and subcontractors in the construction of correctional facilities.

"10. That the United States Department of Labor, Wage and Hour Division, pursuant to a request of the Department of Administration, Division of Architectural Services, of the State of Kansas made a project based wage determination for the construction of the El Dorado Correctional Facility, a copy of which is attached hereto as Exhibit B and incorporated herein by reference as fully as if set out at length herein."

Chapter 31 of the 1989 session laws authorized capital improvement projects, including the correctional facility at El Dorado, and made appropriations for the projects for the fiscal years ending June 30, 1989, and June 30, 1990. L. 1989, ch. 31. Section 9 of Chapter 31 conditioned appropriations on

"the construction contracts . . . [being] based on bid specifications prescribing that employees of any such contractor or any subcontractor shall be paid in accordance with prevailing wages determined in accordance with job classifications and wage rates prescribed under the federal Davis-Bacon act which would apply to a federally funded project at the location of any such state correctional facility . . . ."

Employees argue it was error for the district court to construe contracts that were not before it. Employees seem to argue that the district court failed to accept the allegations of their petition

as true, as is required on a motion to dismiss. As a consequence of the district court's failure, the argument continues, the district court mistakenly dismissed the action on the ground that Employees were not covered by the Davis-Bacon Act.

Employees contend that a decision based on their petition would have been founded on the twin premises that their wage claims are based solely on the contracts and are independent of any statute. This contention, however, runs immediately afoul of the allegations in Employees' petition. The substantive portion of paragraph 7 of the petition is drawn verbatim from the state appropriations bill. Paragraph 8 refers to the statutory language in paragraph 7. Paragraph 9 incorporates the state appropriations bill, § 9, into the petition "as fully as if set out at length." Thus, Employees fail to include in their pleading any provision of the contracts requiring the payment of additional wages independent of the state appropriations bill.

Although not required, it would have been a simple matter to attach copies of the contracts to the petition. K.S.A. 60-209(h) also allows the reasonable identification of a contract and "stating the substance thereof or it may be recited at length in the pleading." It is the responsibility of a plaintiff whose recovery depends on a contract provision, including a third-party beneficiary, to conform to K.S.A. 60-209(h). Here, in lieu of attaching copies of the contracts to the pleadings, Employees chose to set out relevant provisions of the contracts in the petition. As stated above, we do not find support for Employees' claim in those provisions set out in the petition.

Pursuant to K.S.A. 60-212(b)(6), the legal sufficiency of Employees' claim is to be determined on the well-pled facts of their petition. Thus, if the district court accepted as true the allegations of Employees' petition, the court's decision whether to dismiss the action would have been based on construction of the state appropriations bill. That appears to be how the district court reached its decision. It was not necessary for the contracts to be before the district court for it to interpret the pertinent portion of the state appropriations bill. Its text was available in the session laws. In these circumstances, dismissal before the contracts had been pro-

duced was not premature. The controlling issue, therefore, is the interpretation of the state appropriations bill.

The pertinent text of L. 1989, ch. 31, § 9, states:

"No moneys appropriated for fiscal year 1990 by this act or any other appropriations act of the 1989 session of the legislature for the department of corrections for construction of any new state correctional facility . . . unless the construction contracts to be entered into for any such state correctional facility . . . are based on bid specifications prescribing that employees of any such contractor or any subcontractor shall be paid in accordance with prevailing wages prescribed under the federal Davis-Bacon act which would apply to a federally funded project at the location of any such state correctional facility . . . ."

There seems to be a verb missing so that a first reading of this long sentence is not very enlightening. No one questions that the purpose of § 9 is to condition appropriations or distribution of appropriated funds on certain wage requirements. The condition is what is at issue here.

The legislature required that the contractor and subcontractors on the El Dorado Correctional Facility pay their employees "in accordance with prevailing wages . . . prescribed under the federal Davis-Bacon act which would apply to a federally funded project" at that location. As Employees contend, the correctional facility is not a federally funded project. The legislature required, though, that wages be computed *as if it were* a federally funded project.

The Davis-Bacon Act requires that the advertised specifications for federal contracts shall include the following statement:

"[T]he minimum wages to be paid various classes of laborers and mechanics . . . shall be based upon the wages that will be determined by the Secretary of Labor to be prevailing for the corresponding classes of laborers and mechanics employed on projects of a character similar to the contract work in the city, town, village, or other civil subdivision of the State in which the work is to be performed." 40 U.S.C. § 276a(a).

The same subsection limits the wage requirement to persons "employed directly upon the site of the work." 40 U.S.C. § 276a(a).

Employees' position is that "Davis-Bacon does not apply because no federal funds were involved in the project." In other words, on the ground that federal money is not being used, they argue for

enforcement of the wage computation provisions of the Davis-Bacon Act without application of its limitation on wage requirements. They do not examine § 9 of the state appropriations bill to see whether federal funds are a deciding factor.

Employees do not explain how they read the previously quoted portion of § 9 of the appropriations bill. It must be inferred, however, that they would make the phrase "which would apply to a federally funded project" modify the Davis-Bacon Act. The sensible reading of the pertinent portion of § 9 is that the "which" phrase modifies "wages." "Wages" also would be modified (or described) by "prevailing" and "prescribed under the federal Davis-Bacon act." If the "which" phrase modifies "wages," the resulting meaning is contrary to what Employees advocate. In that construction, contractors and subcontractors would be required to pay the wages that would be paid on a federal project. Employees concede that wage earners who do not work directly on the construction site of a federal project do not get the benefit of the Davis-Bacon Act prevailing wage requirements. Thus, contractors and subcontractors would not be required to pay the prevailing wages, which are prescribed under the Davis-Bacon Act, to wage earners who do not work directly on the construction site. In Employees' construction, on the other hand, § 9 would require contractors and subcontractors to pay their employees in accordance with prevailing wages prescribed under the Davis-Bacon Act, but not be limited by the on-site requirement. In Employees' construction, the "which" clause would serve to explain that the Davis-Bacon Act would be applied only in the hypothetical situation of federal funds being involved. There is nothing in the appropriations bill that would indicate anticipation of any federal funds for construction of the correctional facility at El Dorado. L. 1989, ch. 31. Employees suggest no reason why the legislature would bother to explain application of a federal statute when its application was not foreseen. Nor do they explain why they would be entitled to the benefit of the Davis-Bacon Act if it were applicable only where federal funds were involved.

The well-known principles that govern interpretation of a statute include the following: "When a statute is plain and unambiguous,

the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute." *State v. Alires*, 21 Kan. App. 2d 139, Syl. ¶ 2, 895 P.2d 1267 (1995). " 'There is a presumption that the legislature does not intend to enact useless or meaningless legislation.' " *Todd v. Kelly*, 251 Kan. 512, 515, 837 P.2d 381 (1992) (quoting *City of Olathe v. Board of Zoning Appeals*, 10 Kan. App. 2d 218, 221, 696 P.2d 409 [1985]). "[T]he legislature is presumed to intend that a statute be given a reasonable construction, so as to avoid unreasonable or absurd results." *Todd*, 251 Kan. at 520.

Although § 9 of the appropriations bill is overlong and "underverbed," the intent of § 9 seems plain enough. The legislature conditioned appropriations on construction workers being paid according to certain requirements. It would serve no discernible purpose to interpret the conditions portion of § 9 as if it were formulated to explain that the Davis-Bacon Act applies to federally funded projects. Instead, the "which" clause we have been focusing on logically and reasonably modifies wages. Whether § 9 is viewed as unambiguous or whether the rules regarding legislative intent are applied in construing it, the sensible conclusion is that it requires contractors and subcontractors to pay the wages that would be paid on a federal project. The wages that would be paid on a federal construction project are those required by the Davis-Bacon Act. The Davis-Bacon Act does not require the payment of the prevailing wage to off-site workers. Thus, the trial court did not err in dismissing the action because Employees did not work on the site where the El Dorado facility was being constructed.

In light of this holding, we do not need to consider the denial of the motion to certify the class of wage earners. The decision of the district court is affirmed.