(955 P.2d 150)
No. 77,811

KYLE TRENDEL, *Appellant*, v. DAVID L. ROGERS, *Appellee*.

—

Opinion filed March 13, 1998.

*Ronald L. Schneider* and *Jerry K. Levy*, of Lawrence, for appellant.

*Christopher M. Rohrer*, of Davis, Unrein, Hummer, McCallister & Buck, L.L.P., of Topeka, for appellee.

Before GERNON, P.J., GREEN, J., and TIMOTHY E. BRAZIL, District Judge, assigned.

GERNON, J.: This appeal arises out of a motor vehicle collision between Kyle Trendel and David Rogers.

The trial court granted Trendel's motion to add a claim for punitive damages, based on an allegation that Rogers was intoxicated at the time of the accident. The jury found that Rogers was 100% at fault for the accident, answered a special verdict form question "yes" when asked whether Rogers' conduct was wanton, and awarded Trendel $10,624.19 in actual damages, but did not award any punitive damages.

On appeal, Trendel claims error in the amended special verdict form submitted to the jury on the issue of punitive damages.

At the close of the evidence, the court, without objection, gave the following instruction to the jury based on PIK Civ. 2d 3.02 and PIK Civ. 2d 9.44 (1994 Supp.):

"In this case the plaintiff claims the defendant acted in a wanton manner toward plaintiff. Wanton conduct is an act performed with a realization of the imminence of danger and a reckless disregard or complete indifference to the probable consequences of the act.

"If you find that the plaintiff is entitled to recover actual damages then you may consider whether punitive damages should be allowed. Punitive damages may be allowed in the jury's discretion to punish a defendant and to deter others from like conduct.

. . . .

"If you find the defendant did the act claimed by the plaintiff you should then determine whether clear and convincing evidence has been presented that the defendant acted in a wanton manner. If you determine punitive damages should be allowed, your finding should be entered in the verdict form. After the trial the court will conduct a separate hearing to determine the amount of punitive damages to be allowed."

The jury was also given a special verdict form which asked whether Rogers' conduct was wanton.

During deliberations, the jury sought clarification on the issue of punitive damages, noting the general instruction appeared to be a twofold question of (1) whether Rogers' conduct was wanton and (2) whether punitive damages should be allowed, while the special verdict form only required a determination on whether the conduct was wanton. The court, over Trendel's objection, responded by amending the special verdict form to include both questions. The court withheld ruling on the propriety of the amendment until the parties briefed whether the jury must answer both questions affirmatively before awarding punitive damages.

Trendel filed a post-trial brief challenging the amendment to the special verdict form. Trendel contended that once the jury determined that Rogers' conduct was wanton, he was automatically entitled to recover punitive damages. The trial court rejected this contention, finding the amended special verdict form proper and

entering judgment in accordance with the jury's verdict. Trendel appeals.

Trendel argues the trial court erred in amending the special verdict form to provide a twofold inquiry on punitive damages to the jury. He claims the second part of the inquiry concerning whether punitive damages should be allowed imposes an additional burden of proof beyond that required by K.S.A. 60-3702. Trendel argues that once the jury determines whether the conduct of the party against whom the damages are sought is willful, wanton, fraudulent, or with malice, the moving party is automatically entitled to punitive damages and the trial court must then determine the amount of such damages.

Rogers responds that the trial court properly instructed the jury on the law. He argues it is the jury's role to determine whether punitive damages should be allowed and that such a determination is not automatically rendered by a finding that the opposing party acted with willful or wanton conduct, fraud, or malice.

The decision whether to submit a special verdict form or instruct the jury on the law and how it applies in that particular case is within the sound discretion of the trial court. *Anderson v. Heartland Oil & Gas, Inc.*, 249 Kan. 458, 472, 819 P.2d 1192 (1991), *cert. denied* 504 U.S. 912 (1992). An appellate court will not disturb that decision unless an abuse of discretion is shown. 249 Kan. at 471.

"In Kansas, punitive damages are awarded to punish the wrongdoer for malicious, vindictive, or willful and wanton invasion of another's rights, with the ultimate purpose being to restrain and deter others from the commission of similar wrongs. [Citation omitted.]" *Cerretti v. Flint Hills Rural Electric Co-op Ass'n*, 251 Kan. 347, 366, 837 P.2d 330 (1992). " 'Punitive damages are not given upon any theory that the plaintiff has any just right to recover them, but are given only upon the theory that the defendant deserves punishment for his or her wrongful acts and that it is proper for the public to impose them upon the defendant.' " *Smith v. Printup*, 262 Kan. 587, 602, 938 P.2d 1261 (1997) (quoting *Smith v. Printup*, 254 Kan. 315, Syl. ¶ 3, 866 P.2d 985 [1993]).

K.S.A. 60-3702(a) provides:

"In any civil action in which exemplary or punitive damages are recoverable, the trier of fact shall determine, concurrent with all other issues presented, whether such damages shall be allowed. If such damages are allowed, a separate proceeding shall be conducted by the court to determine the amount of such damages to be awarded."

As noted by the trial court, K.S.A. 60-3702 establishes a bifurcated proceeding on the issue of punitive damages. The trier of fact determines if punitive damages should be awarded, and then the court, in a separate proceeding, establishes the amount of the award. A list of factors is set forth in the statute for the court's consideration in determining the amount of the award. See K.S.A. 60-3702(b).

To warrant an award of punitive damages, a party must establish by clear and convincing evidence during trial that the party against whom the damages are sought acted with willful or wanton conduct, fraud, or malice. K.S.A. 60-3702(c); *Golconda Screw, Inc. v. West Bottoms Ltd.*, 20 Kan. App. 2d 1002, 1007, 894 P.2d 260 (1995).

Trendel refers to various testimony that was presented to the legislature while the pertinent amendments to 60-3702 were under consideration, as support for his assertions. However, since 60-3702 is clear and unambiguous, this court will not speculate as to the legislative intent behind the statute. See *State v. Alires*, 21 Kan. App. 2d 139, 140, 895 P.2d 1267 (1995).

Moreover, the testimony merely reiterates the clear language of the statute that it is the role of the trier of fact to determine whether punitive damages should be allowed. Contrary to Trendel's belief, there is no indication in the testimony that the legislature intended for punitive damages to be automatically awarded once the jury finds the defendant acted willfully, wantonly, or with fraud or malice.

As a general rule, the jury has complete discretion in awarding punitive damages and may disregard evidence presented in favor of such an award. As stated by one author:

"Punitive damages are generally not recovered as a matter of right, even though the facts of the case may be such as to make their allowance proper, but rather, that their allowance rests in the discretion of the jury, or the court when it acts

as the trier of fact. It is within the discretion of the trier of fact to make an award of punitive damages, if there is a legal foundation in the record for an award. Conversely, the jury may refuse to award such damages without regard to the evidence, even though fraud or malice is shown, no matter how wanton or reckless the defendant has been, and an instruction is erroneous which directs or requires the jury to award such damages." 22 Am. Jur. 2d, Damages § 739, pp. 792-93.

In Kansas, punitive damages may be awarded whenever the elements of fraud, malice, gross negligence, or oppression arise in a dispute. *Tetuan v. A.H. Robins Co.*, 241 Kan. 441, 481, 738 P.2d 1210 (1987). However, such an award is not automatically rendered by finding these elements present in a controversy. The plain language of 60-3702 reveals the legislature intended for the trier of fact to have discretion in determining whether punitive damages should be allowed.

Here, the amended special verdict form merely breaks down the ultimate determination for the jury on whether to award punitive damages. Trendel is mistaken in believing the special verdict form imposed an additional burden of proof on him. The trier of fact has discretion in determining whether to award punitive damages, no matter how flagrant or reckless the transgression. See *Nordstrom v. Miller*, 227 Kan. 59, 70, 605 P.2d 545 (1980). Here, the jury simply made such a determination.

We conclude the jury was not misled on the law concerning punitive damages. Accordingly, the trial court did not abuse its discretion in submitting the amended special verdict form to the jury.

Affirmed.