Timothy G. Madden Chief Legal Counsel Kansas Department of Corrections 900 S.W. Jackson, Suite 400-N Topeka, Kansas 66612-1284
Dear Mr. Madden:
You inquire whether K.S.A. 1997 Supp. 65-6016 authorizes the disclosure of an inmate's HIV status by a corrections employee for the purpose of obtaining medical treatment for the corrections employee as a result of exposure to the body fluid of the inmate.
You indicate that the Department has been advised that the course of treatment provided to a person who has been exposed to body fluid differs depending upon whether the body fluid belonged to a person that has tested positive or negative for HIV infection, and you have also been advised that the medical treatment should be commenced within a matter of hours after exposure. In your judgment, K.S.A. 1997 Supp. 65-6016
provides for the timely disclosure of information necessary for the prompt and proper medical treatment required by corrections employees who have been exposed to blood-born pathogens because the disclosure is one where time is of the essence and can be made without necessitating the disclosure of the identity of the inmate/patient. You argue that K.S.A. 1997 Supp. 65-6017, which authorizes a district court to order the testing of an inmate whose body fluid has come in contact with a corrections employee, supports your construction of K.S.A. 1997 Supp.65-6016 because it authorizes the invasive procedure of forcibly taking a blood sample for HIV testing for the protection of the employee.
K.S.A. 1997 Supp. 65-6016 states in part:
 "(a) Notwithstanding any other law to the contrary, a physician performing medical or surgical procedures on a patient who the physician knows has HIV or hepatitis B or has had a positive reaction to an HIV or hepatitis test may disclose such information to corrections employees who have been or will be placed in contact with body fluid of such patient. The information shall be confidential and shall not be disclosed by corrections employees except as may be necessary in providing treatment for such patient. Any other disclosure of such information by a corrections employee is a class C misdemeanor."
The statute authorizes a physician's disclosure of an inmate's HIV status to corrections employees who have been or will be placed in contact with the body fluid of that inmate. It is clear that the authorized disclosure by the physician is for the protection of the corrections employees who are at risk of contracting a potentially deadly condition from having been in contact with the body fluid of the inmate who is HIV positive. The statute authorizes disclosure of the identity and HIV status of the inmate/ patient and requires that the information be kept confidential by the corrections employee, except with regard to providing treatment for the inmate/patient. The statute makes disclosure by corrections employees of the identity and HIV status of the inmate a class C misdemeanor. At issue is whether a corrections employee is authorized to disclose this information to his or her physician for purposes of getting treatment as a result of the employee's exposure.
The principles that govern interpretation of a statute include the following: When plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind a statute and will not read it so as to add something not readily found.[1] A presumption exists that the Legislature does not intend to enact useless or meaningless legislation and that it intends that a statute be given a reasonable construction, so as to avoid unreasonable or absurd results.[2]
In spite of the actual language of the statute, the intent of K.S.A. 1997 Supp. 65-6016 seems plain. The Legislature wanted corrections employees to know that exposure to an inmate's body fluid may put the employee at risk. Another reason for disclosure may be because the inmate should be handled differently if HIV positive. Thus the Legislature authorized the physician to disclose to the corrections employees the identity and the medical status of the inmate/patient. The employee clearly needs to know for the purposes of obtaining appropriate medical treatment. It would serve no discernible purpose to interpret the conditions under which a corrections employee may be privy to this information and not allow the corrections employee to obtain medical treatment by disclosing to his or her own physician that the employee has been exposed to the body fluid of an HIV positive inmate; this construction would be unreasonable and lead to an absurd result. However, the authorization of this disclosure does not require the disclosure of the inmate's identity because his identity is not necessary for the specific purpose of obtaining medical treatment. In other words the statute authorizes only the disclosure of information necessary for the treatment of the corrections employee, i.e. that he has been exposed to an individual who is HIV positive; the disclosure of the identity of the inmate to whose fluid the corrections employee was exposed is not necessary for the purpose of the correction's employee obtaining appropriate medical care.
We agree that this construction is supported by review of a companion statute, K.S.A. 1997 Supp. 65-6017, which authorizes the Secretary of Corrections to seek a court order for a blood test to be administered, without the consent of the inmate, to determine if the inmate to whose fluid a corrections employee has been exposed has Hepatitis B, Aids, or is HIV positive. The results are disclosed to the employee and the person tested but otherwise the test results are confidential. The authorization of extreme measures of conducting a blood test on an inmate without his consent is a clear indication that the Legislature put the health of the employee above the privacy rights of an inmate to whose fluid the employee has been exposed.[3]
Whether the statute at issue is viewed as unambiguous or whether the rules regarding legislative intent are applied in construing it, it is our opinion that the sensible conclusion is that it authorizes the employee's disclosure that he has come in contact with body fluid of an HIV positive inmate but does not authorize the disclosure of the inmate's identity because that information is not relevant for the purpose of obtaining appropriate medical treatment.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm
[1] State v. Alires, 21 Kan. App. 2d 139 (1995).
[2] Bennett v. Van Doren Industries, Inc., 262 Kan. 426, 433 (1997).
[3] Minutes, House Committee on Federal and State Affairs, February 10, 1993.