(41 P.3d 868)

No. 86,395

STATE OF KANSAS, *Appellee*, v. PAUL A. MILLER, *Appellant*.

Opinion filed January 25, 2002.

*Sandra Carr*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*John Shirley*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BEIER, P.J., BRAZIL, S.J., and JOHN W. WHITE, District Judge, assigned.

BEIER, J.: Paul A. Miller appeals the district court's revocation of his probation and imposition of his underlying prison term without consideration of placement in a community intermediate sanction center (CISC). He further appeals from the imposition of a $1,000 fine.

Miller entered a guilty plea to burglary of a farm building, a severity level 7 felony. The district court placed Miller on probation for 36 months, with an underlying prison sentence of 23 months. The court also levied a fine of $1,000 and ordered restitution of $200 and payment of other costs and fees of approximately $500.

A year later, the court found Miller had violated his probation conditions. Noting Miller's criminal history of more than nine felonies, his past failure to appear in court, and his age of 24 years, the court concluded the Labette Correctional Conservation Camp was not an appropriate placement. The court ordered Miller to serve his original prison sentence without discussing any other alternative placement.

## Consideration of a CISC

Miller argues the district court committed reversible error when it failed to consider placing him in a CISC, as required by K.S.A. 1998 Supp. 21-4603d(a), before ordering him to prison.

Interpretation of a statute is a question of law over which an appellate court exercises unlimited review. *State v. Patterson*, 25 Kan. App. 2d 245, 247, 963 P.2d 436, *rev. denied* 265 Kan. 888 (1998). When a statute is plain and unambiguous, the court will not speculate as to the legislative intent behind the statute and will not read such a statute to add something not readily found therein. *State v. Alires*, 21 Kan. App. 2d 139, Syl. ¶ 2, 895 P.2d 1267 (1995).

K.S.A. 1998 Supp. 21-4603d(a) provides in pertinent part:

"[P]rior to revocation of a nonprison sanction of a defendant whose offense is classified in the presumptive nonprison grid block of either sentencing guideline grid or grid blocks 5-H, 5-I or 6-G of the sentencing guidelines grid for nondrug crimes or in grid blocks 3-E, 3-F, 3-G, 3-H, 3-I, 4-E or 4-F of the sentencing guidelines grid for drug crimes, the court shall consider placement of the defendant in the Labette correctional conservation camp, conservation camps established by the secretary of corrections pursuant to K.S.A. 75-52,127, and amendment thereto or a *community intermediate sanction center*. Pursuant to this paragraph the defendant *shall not* be sentenced to imprisonment if space is available in a conservation camp or a community intermediate sanction center and the defendant meets all of the conservation camp's or a community intermediate sanction center's placement criteria *unless the court states on the record the reasons for not placing the defendant in a conservation camp or a community intermediate sanction center*." (Emphasis added.)

Miller concedes the district court explicitly considered placement at Labette and decided it was not appropriate for him. However, he insists the court still was required to consider placement in a CISC explicitly and to reject it for reasons it put on the record before sending him to prison. The State responds that the "or" in the first sentence of the passage quoted from the statute contradicts Miller's argument. In its view, *either* consideration of Labette *or* consideration of another conservation camp *or* consideration of a CISC is sufficient. The district court need not explore each placement in each case.

The problem with the State's argument is that it requires us to ignore the second sentence of the quoted passage. The second

sentence makes it clear that the legislature expected the district judge to address each of the possible alternative settings in each case. No defendant was supposed to be sent to one of Kansas' full or filling prisons without explicit consideration and rejection of each of the listed nonprison possibilities. This includes any available CISC.

The issue then becomes whether such an animal exists anywhere in Kansas and, if so, whether it was intended to house qualified offenders only from the judicial district or community in which it is located or offenders from anywhere in the state. Nothing in the record in this case answers the first question, and our thorough review of the statute's legislative history and subsequent legislative action authorizing spending for the creation of CISCs sheds no light on the second question.

In *State v. Morrison*, (Case No. 84,823, unpublished opinion filed July 13, 2001), our Supreme Court, after granting review of a Court of Appeals decision, remanded the case for resentencing when neither Labette nor a CISC had been considered by the district judge. The justices rejected the reasoning of a prior opinion from this court that the district judge's omission did not merit reversal because the offender did not meet admission criteria for Labette and no CISC existed anywhere in the state. In essence, according to *Morrison*, a district court's failure to abide by the mandatory language of K.S.A. 1998 Supp. 21-4603d(a) can never be harmless.

The Court of Appeals panel's finding in *Morrison* that CISCs were "no more real than the emperor's new clothes," *State v. Morrison* (Case No. 84,823, unpublished opinion filed February 9, 2000), had been based on a letter submitted by defense counsel in response to an order to show cause. The letter stated that, although money had been approved by the legislature in 1998 for the creation of CISCs, the centers never materialized. A later letter from defense counsel asserted that the first letter was in error and that one such center was located in Wichita.

On remand from the Supreme Court, District Judge Gregory L. Waller ultimately entered an order in *Morrison* that the center in Wichita that had been described by its facilities coordinator as a

CISC was not, in fact, a CISC as that designation is used in the statute. Although we would like to take judicial notice of Judge Waller's finding, even though it is limited in scope, we cannot.

Judicial notice *shall* be taken only of

"the common law, constitutions and public statutes in force in every state, territory and jurisdiction of the United States, and of such specific facts and propositions of generalized knowledge as are so universally known that they cannot reasonably be the subject of dispute." K.S.A. 60-409(a).

Judicial notice *may* be taken only of

"(1) private acts and resolutions of the Congress of the United States and of the legislature of this state, and duly enacted ordinances and duly published regulations of governmental subdivisions or agencies of this state, and (2) the laws of foreign countries and (3) such facts as are so generally known or of such common notoriety within the territorial jurisdiction of the court that they cannot reasonably be the subject of dispute, and (4) specific facts and propositions of generalized knowledge which are capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy." K.S.A. 60-409(b).

Given the conflicting information supplied to the courts so far, it is plain that the status of the Wichita facility is not a candidate for judicial notice. See also *Jones v. Bordman,* 243 Kan. 444, 459, 759 P.2d 953 (1988) (court may not take judicial notice of contested factual findings reached by another court). Moreover, even if we could take judicial notice of Judge Waller's finding regarding the Wichita facility, the mysteries only deepen as to what other CISCs may or may not exist in Kansas and from where their residents may come.

We have no choice but to reverse this case and remand to the district court for an evidentiary hearing to determine whether any CISCs exist statewide and, if so, whether they were intended to be available as nonprison placement options only for offenders from their home judicial districts or communities, as opposed to offenders from anywhere in Kansas. We suggest that the parties contact and arrange for the testimony of Charles Simmons, Secretary of Corrections, on these points, as well as legislators familiar with the statute's history and any later related appropriations. Should the district court determine that one or more CISCs exist, and that the court was intended to have the power to place Miller at one such

facility, it must do so or explain its reasons on the record for why such a placement is inappropriate.

### Fine

Miller next argues the trial court failed to comply with the requirements of K.S.A. 21-4607 when it imposed the fine of $1,000. The State responds that the issue is not properly before the Court of Appeals, because Miller did not file a notice of appeal on this issue within 10 days of sentencing. See K.S.A. 22-3608. Miller concedes his notice of appeal was untimely, but argues the fine constitutes an illegal sentence that can be corrected at any time under K.S.A. 22-3504.

We agree with the State. Miller's untimely notice deprives this court of jurisdiction to review this issue.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.