(161 P.3d 231)
No. 97,690

In the Matter of J.R.A.

—

Opinion filed July 6, 2007.

*Courtney T. Henderson*, of Billam & Henderson, LLC, of Olathe, for appellant.

*Steven J. Obermeier*, assistant district attorney, *Amanda Voth*, legal intern, *Phill Kline*, district attorney, and *Paul J. Morrison*, attorney general, for appellee.

Before MALONE, P.J., GREEN and MARQUARDT, JJ.

GREEN, J.: The sole issue presented by this appeal is whether the trial court properly determined that J.R.A. was a chronic offender II for sentencing purposes following a probation violation. To meet the requirement of a chronic offender II under K.S.A. 38-16,129(a)(3)(B)(i), the trial court would have had to classify one of J.R.A.'s felonies as a misdemeanor. J.R.A. contends that the trial court improperly considered J.R.A's prior felony in meeting the chronic offender II requirement. The State, however, argues that the State can meet the second prong requirement under K.S.A. 38-16,129(a)(3)(B)(i) of two prior misdemeanor adjudications with one prior misdemeanor adjudication and with one prior felony adjudication. Nevertheless, the clear statutory language of K.S.A. 38-16,129(a)(3)(B)(i) requires two prior misdemeanor adjudications. In essence, the State wants us to rewrite the plain language of the statute and add an unstated statutory requirement (one prior mis-

demeanor adjudication and one prior felony adjudication) to the clear text of the statute. This we cannot do. The clear text of K.S.A. 38-16,129(a)(3)(B)(i) requires two prior misdemeanor adjudications. Accordingly, we reverse and remand for resentencing.

On January 24, 2006, J.R.A. was adjudicated in Johnson County, Kansas, of consumption of liquor by a minor in Case No. 05-JV-2296 and of burglary of a motor vehicle in Case No. 05-JV-2775. As a result of these adjudications, J.R.A. was placed on a 12-month community corrections supervised probation.

On August 2, 2006, J.R.A. was adjudicated in Miami County, Kansas, of attempted residential burglary. After the Miami County adjudication, the State moved to revoke J.R.A.'s probation in his Johnson County cases. At the hearing on the motion to revoke probation, J.R.A. stipulated that he had violated the terms of his probation. The trial court revoked his probation. With regard to J.R.A.'s criminal history, the trial court determined that he had three adjudications: (1) consumption of alcoholic liquor by a minor, a class C non-person misdemeanor on January 24, 2006; (2) burglary of a vehicle, a level 9 non-person felony on January 24, 2006; and (3) attempted burglary, a level 9 nonperson felony, from the Miami County case on August 2, 2006. Based on those adjudications, the trial court classified J.R.A. as a "chronic offender II, escalating felon" on the juvenile matrix and sentenced him to 12 months' custody and 12 months of aftercare.

J.R.A. objected to his placement as a "chronic offender II, escalating felon" and later moved to modify his sentence. The trial court denied the motion to modify sentence after finding that the placement on the juvenile matrix was appropriate.

*Did the Trial Court Err in Classifying J.R.A. as a "Chronic Offender II, Escalating Felon" on the Juvenile Matrix?*

On appeal, J.R.A. argues that his sentence is improper because the trial court improperly classified him as a "chronic offender II, escalating felon" on the juvenile matrix. Resolution of this issue requires an interpretation of the juvenile sentencing statutes. "The interpretation of a statute is a question of law over which this court has unlimited review. An appellate court is not bound by the trial

court's interpretation. [Citation omitted.]" *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006).

In Kansas, we follow the plain meaning rule that states that if a statute is clear and unambiguous, the statute should be construed according to its plain and ordinary meaning:

"When a statute is plain and unambiguous, appellate courts will neither speculate as to legislative intent nor read a statute so as to add something not readily found in it. *State v. Alires*, 21 Kan. App. 2d 139, Syl. ¶ 2, 895 P.2d 1267 (1995). The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. *In re Marriage of Killman*, 264 Kan. 33, 42, 955 P.2d 1228 (1998). Legislative intent may best be determined from the plain meaning of the words used in the statute in light of all the experience available to the lawmaking body. *Hulme v. Woleslagel*, 208 Kan. 385, 391, 493 P.2d 541 (1972). Our construction should neither add to that which is not readily found in the statute, nor read out what, as a matter of ordinary language, is in it. See *Boatright v. Kansas Racing Com'n*, 251 Kan. 240, Syl. ¶ 7, 834 P.2d 368 (1992)." *Endorf v. Bohlender*, 26 Kan. App. 2d 855, 861-62, 995 P.2d 896 (2000).

K.S.A. 38-16,129 provides guidance for sentencing a juvenile offender under the juvenile matrix. In the present matter, the trial court relied on that statute in classifying J.R.A. as a "chronic offender II, escalating felon" on the juvenile matrix. Specifically, the trial court found that J.R.A.'s prior adjudications met the criteria set forth in K.S.A. 38-16,129(a)(3)(B)(i), which provides that a juvenile is a "chronic offender II, escalating felon" if he or she is "adjudicated as a juvenile offender for an offense which, if committed by an adult, would constitute . . . [o]ne present felony adjudication and two prior misdemeanor adjudications." The statute also contains other definitions of "chronic offender II, escalating felon," but each of the additional definitions requires an adjudication for a drug offense, and it is conceded by the parties that the present case does not involve drug offenses. As a result, the additional statutory definitions of "chronic offender II, escalating felon" are not at issue in this case.

At the time of sentencing in this matter, J.R.A.'s adjudication history consisted of one class C nonperson misdemeanor (present offense of consumption of an alcoholic liquor by a minor), one level 9 nonperson felony (present offense of burglary of a vehicle), and one level 9 person felony (prior offense of attempted burglary). All

parties agreed that J.R.A. had only one misdemeanor adjudication and two felonies at the time of sentencing. In order to classify J.R.A. as a "chronic offender II, escalating felon," the trial court treated J.R.A.'s prior felony adjudications as a misdemeanor adjudication.

J.R.A. argues that the trial court erred in treating one of the prior felony adjudications as a misdemeanor adjudication in order to classify him as a "chronic offender II, escalating felon." To support his argument, J.R.A. notes that our legislature has specifically defined "felony" in K.S.A. 2006 Supp. 21-3105(1) and "misdemeanor" in K.S.A. 2006 Supp. 21-3105(4) and that those definitions have been incorporated into the Kansas Juvenile Justice Code by K.S.A. 2005 Supp. 38-1602(b). J.R.A. argues that the trial court ignored the plain meaning of those statutes in treating a felony adjudication as a misdemeanor adjudication in order to classify him as a "chronic offender II, escalating felon." J.R.A. argues that he did not meet any of the specific definitions of a "chronic offender II, escalating felon" as set forth in K.S.A. 38-16,129(a)(3)(B) and, as a result, he was improperly classified by the trial court.

After the sentencing in J.R.A.'s case, K.S.A. 2005 Supp. 38-16,129 was repealed (L. 2006, ch. 169, sec. 140) and the sentencing of juvenile offenders is now addressed by K.S.A. 2006 Supp. 38-2369, which became effective on January 1, 2007. L. 2006, ch. 169, sec. 69. K.S.A. 2006 Supp. 38-2369(a)(3)(B)(i) defines a "chronic offender II, escalating felon," in part, as an offender with "[o]ne present felony adjudication and either two prior misdemeanor adjudications or one prior person or nonperson felony adjudication." If J.R.A. would have been sentenced under the new matrix established in K.S.A. 2006 Supp. 38-2369, then classification as a "chronic offender II, escalating felon" would clearly be appropriate under the express language of subsection (a)(3)(B)(i) because he has a present felony adjudication and a prior felony adjudication. Nevertheless, J.R.A. was not sentenced under the current juvenile matrix, but rather the prior version which does not contain the same language as the revised version.

The State argues that the recent legislative treatment of classification under the juvenile matrix is a clarification of its intent to

treat individuals with the same criminal history as J.R.A. as "chronic offender II, escalating felon." Consequently, the State argues that the classification requirements of a "chronic offender II, escalating felon" was clarified by the enactment of K.S.A. 2006 Supp. 38-2369(a)(3)(B).

Nevertheless, the legislature's enactment of K.S.A. 2006 Supp. 38-2369(a)(3)(B)(i) shows that it intended to differentiate between two prior misdemeanor adjudications and one prior misdemeanor adjudication and one prior felony adjudication, for which the State argues, in satisfying the second prong of K.S.A. 38-16,129 (a)(3)(B)(i). The legislature's amendment of the second prong of K.S.A. 38-16,129(a)(3)(B)(i) by adding the phrase "or one prior person or nonperson felony adjudication" contradicts the State's argument. The amendment shows that if the legislature had wanted to enact a statutory scheme of one misdemeanor adjudication and one felony adjudication to satisfy the second prong of K.S.A. 38-16,129(a)(3)(B)(i), it could have easily done so. Nevertheless, the legislature has declined to adopt such a statutory scheme.

In summary, we find that K.S.A. 38-16,129(a)(3)(B)(i) is plain and unambiguous. In clear language, the statute defines a "chronic offender II, escalating felon," in part, as an offender with "[o]ne present felony adjudication and two prior misdemeanor adjudications." K.S.A. 38-16,129(a)(3)(B)(i). The terms "felony" and "misdemeanor" have been specifically defined by the legislature, and those terms are not used interchangeably. Because K.S.A. 38-16,129(a)(3)(B)(i) is plain and unambiguous, it is not subject to statutory construction, and the court may not speculate as to the legislative intent of the statute. Under the plain and unambiguous language of K.S.A. 38-16,129(a)(3)(B)(i), J.R.A. does not meet the classification requirements of a "chronic offender II, escalating felon" because he had not been previously adjudicated of two misdemeanors. As a result, J.R.A.'s criminal history does not meet the statutory definition of a "chronic offender II, escalating felon" as set forth in K.S.A. 38-16,129(a)(3)(B)(i).

Reversed and remanded for resentencing.