0495

Michael BUMGARDNER, Appellant, v. SOUTH CAROLINA DEPART-
MENT OF HIGHWAYS AND PUBLIC TRANSPORTATION,
Respondent.

(331 S. E. (2d) 787)

Court of Appeals

*Michael J. Thompson*, of *Thompson & Baity*, Columbia, *for appellant*.

*Asst. Atty. Gen. William L. Todd*, Columbia, *for respondent*.

Heard Feb. 20, 1985.

Decided June 11, 1985.

BELL, Judge:

Michael Bumgardner brought this action seeking an injunction against the State Highway Department to prohibit enforcement of the financial responsibility law[1] against him. The circuit court denied relief. Bumgardner appeals. We affirm.

On June 19, 1981, Bumgardner was issued a traffic citation for speeding in the State of North Carolina. He chose to default and was convicted on this charge on July 10, 1981. The State of North Carolina thereafter notified the South Carolina Highway Department that Bumgardner had failed to appear or pay his fine on the speeding charge. Upon receiving this notification, the Department suspended Bumgardner's South Carolina driver's license pursuant to the requirements of the Non-Resident Traffic Violator Compacts Act, Section 56-25-20, Code of Laws of South Carolina, 1976, as amended.[2] In accordance with Section 56-1-360, Code of Laws of South Carolina, 1976, the Department gave Bumgardner proper notice of his suspension by letter of August 26, 1981. Bumgardner admittedly received the notice of suspension.

On September 16, 1981, and again on September 22, 1981, while still under suspension, Bumgardner was cited in South Carolina for Driving While Under Suspension (DUS) in vio-

---

[1] Section 56-9-500, Code of Laws of South Carolina, 1976.

[2] This statute provides, in pertinent part: When ... the driver licensing authority of any compact jurisdiction notifies the Department that a ... person possessing a valid South Carolina driver's license has failed to comply with the terms of a traffic citation issued in ... any compact jurisdiction, the Department shall suspend the person's driver's license ... Such license shall remain suspended until satisfactory evidence has been furnished to the Department of compliance with the terms of the citation. ...

lation of Section 56-1-460, Code of Laws of South Carolina, 1976. He was convicted both times. His guilt on these charges is not disputed.

On October 14, 1981, the Department received notice from North Carolina that Bumgardner had paid his fine for the speeding conviction and reinstated his license without proof of financial responsibility. However, because of the DUS convictions, the Department thereafter again suspended Bumgardner's driver's license for a total of six months pursuant to Code Section 56-1-460. Bumgardner paid his fines, served out the suspension periods imposed for the DUS violations, and did not appeal or in any other way contest those convictions.

Upon completion of the DUS suspension periods, the Department required Bumgardner to submit proof of financial responsibility, as prescribed by Code Section 56-9-500, before reinstating his driver's license. Bumgardner refused, claiming his convictions for Driving While Under Suspension are not of the class which require him to file proof of financial responsibility. He then petitioned the circuit court to enjoin enforcement of the statute in his case.

■ Bumgardner's main argument is that he paid his North Carolina fine on July 31, 1981, prior to the time he received notice that his South Carolina driver's license had been suspended. He therefore claims he was entitled to reinstatement of his license under the terms of Code Section 56-25-20 without furnishing proof of financial responsibility. He blames his interstate compact suspension on bureaucratic delay by North Carolina officials in notifying the Department his fine had been paid. He admits, however, that upon receiving notice of the interstate compact suspension, he did not, prior to October 14, 1981, furnish the Department with any evidence he had complied with the terms of the North Carolina citation.

Bumgardner's argument ignores the fact that he was placed under three separate suspensions for three separate offenses. His license was reinstated from the interstate compact suspension in October 1981 without requiring him to furnish proof of financial responsibility. He now seeks reinstatement from the DUS suspensions. His convictions on the DUS charges are not disputed. The DUS law clearly required

the Department to suspend his driver's license after receiving notice of the DUS convictions. *See* Section 56-1-460, Code of Laws of South Carolina, 1976. Section 56-9-500 in turn clearly provides that a license suspended "under any law of this State" shall "remain suspended ... and shall not at any time thereafter be renewed nor shall any license be thereafter issued to that person ... until he shall give and thereafter maintain proof of financial responsibility."

We are unpersuaded by Bumgardner's attempt to portray himself as the innocent victim of bureaucratic incompetence. Once he received notice of the interstate compact suspension, the burden was on him to have his license reinstated by furnishing proper proof to the Department that his North Carolina fine had been paid. He was not free to ignore the suspension and continue to drive in violation of the law. The resulting DUS suspensions were the consequence of his own indifference and neglect. In the words of *Poor Richard's Almanac:*

A little neglect may breed great mischief ... for want of a nail the shoe was lost, for want of a shoe the horse was lost, and for want of a horse the rider was lost.

Affirmed.

SANDERS, C. J., and SHAW, J., concur.