No. 62,188

STATE OF KANSAS, *Appellant,* v. MARK H. DAMMAN, *Appellee.*

(769 P.2d 662)

Opinion filed March 3, 1989.

*William C. O'Keefe,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for appellant.

*Mark H. Damman,* appellee, argued the cause pro se.

The opinion of the court was delivered by

SIX, J.: Mark Damman was found guilty of driving while his license was suspended in violation of K.S.A. 1988 Supp. 8-262. He appealed to the district court, where he moved to dismiss the complaint based on a February 2, 1988, Reinstatement Order from the Department of Revenue, Division of Vehicles. The State opposed the dismissal, asserting that the Division of Vehicles does not have the authority to expunge a suspension. The State filed a motion in limine to exclude evidence of the ex-

pungement. The district court agreed with Damman, denying the motion in limine and dismissing the complaint. Damman was found not guilty of driving while his license was suspended. The State appeals from this determination upon questions reserved, pursuant to K.S.A. 22-3602(b)(3).

The questions the State has submitted for our review are: (1) Does the Kansas Department of Revenue, Division of Vehicles, have the right to delete a suspension order under K.S.A. 1985 Supp. 40-3104 for failure to show financial responsibility at the time of an accident, where insurance coverage is later discovered? (2) Did the trial court err in denying the prosecution's motion in limine?

The answer to both questions is "yes." The motion in limine addressed evidence that was not relevant to Damman's charge.

FACTS

Damman was stopped and arrested for operating a vehicle with a suspended license contrary to K.S.A. 1988 Supp. 8-262 on December 16, 1987. He was found guilty of that charge by the district magistrate judge, and given a five-day suspended sentence and a fine of $100, plus court costs. He filed a notice of appeal to the district court.

The parties stipulated in the district court that:

(1) Damman was the co-owner of a 1974 Harley-Davidson motorcycle, which was involved in an accident on March 19, 1986. The motorcycle was not operated by Damman at the time of the accident, but by the other co-owner.

(2) The vehicle was insured at the time of the accident and damages were paid to the injured party as a result of the alleged negligence of the co-owner of the motorcycle.

(3) The Department of Revenue, Division of Vehicles, issued a suspension order to Damman on April 11, 1986, stating that it could not verify that he had liability insurance on the motorcycle in question as required by K.S.A. 1985 Supp. 40-3104.

(4) A hearing on the suspension order (as requested by Damman) was held on June 24, 1986. The hearing officer found that Damman failed to show satisfactory evidence the motorcycle was insured at the time of the accident and suspended his license.

(5) Damman was arrested for driving on a suspended license on December 16, 1987.

(6) On February 2, 1988, Ranger Insurance verified that the

motorcycle in question had been insured on the date of the accident and the Department of Revenue deleted the suspension from Damman's record.

At a hearing on the motion to dismiss, the district court said:

"The Court finds that the Department of Revenue, Division of Vehicles, was justified in eradicating and deleting the driving while suspended record of the Defendant, pursuant to K.S.A. 40-3104 et seq. and that the State of Kansas has a right to change the Defendant's record when information provided to it by the insurance company is brought to their attention in that the Defendant was financially responsible and that his license should not have been found to have been suspended and that he had insurance pursuant to K.S.A. 40-3104. The Court finds that the act K.S.A. 40-3104, et seq. is constitutional and that the Defendant is found not guilty of the charge."

## 1. DELETING THE RECORD

The Kansas Automobile Injury Reparations Act, K.S.A. 40-3101 *et seq.*, was created "to provide a means of compensating persons promptly for accidental bodily injury arising out of the ownership, operation, maintenance or use of motor vehicles." K.S.A. 40-3102. K.S.A. 1985 Supp. 40-3104(a) requires owners of motor vehicles to provide liability insurance for every vehicle owned. A motorcycle fits within the definition of a "motor vehicle" in K.S.A. 40-3103(m). *Klamm v. Carter,* 11 Kan. App. 2d 574, 578, 730 P.2d 1099 (1986). K.S.A. 1985 Supp. 40-3104(h) authorizes the Director of Vehicles to suspend the license of the driver or owner of a vehicle upon receipt of an accident report involving such vehicle, where there is no liability insurance on the vehicle.

K.S.A. 1985 Supp. 40-3118(e) and K.S.A. 1985 Supp. 8-255(b) set out the procedures to be followed when the Director discovers there is no insurance coverage on a particular vehicle. The record shows that these procedures were followed by the Division of Vehicles in Damman's case. Pursuant to K.S.A. 1985 Supp. 8-255(b), Damman requested a hearing on the suspension order. A hearing was held on June 24, 1986. The hearing officer made the following order:

"The respondent has failed to show satisfactory evidence that a vehicle was insured at the time of the accident when it was either owned or driven by the respondent. (For definition of 'owner,' see K.S.A. 40-3103(o).)

"The respondent's driving privileges and registration privileges are suspended. The suspended privileges will remain suspended until: (1) the respondent furnishes a release of liability . . . , (2) the respondent remits the appropriate reinstatement fee, and (3) the respondent's insurance company files an S.R.-22

form with the Director of the Division of Motor Vehicles as required by K.S.A. 40-3118(d)."

The record does not indicate whether Damman appeared at the hearing or presented any evidence. At oral argument on appeal, Damman stated that he did appear.

K.S.A. 1985 Supp. 40-3118(e) provides that if the owner does not produce proof of insurance or financial responsibility the owner's driving privileges *shall* be suspended unless the owner shows that the failure to prove lack of insurance is beyond his reasonable control. There is no indication that such a showing was made by Damman. K.S.A. 1985 Supp. 40-3118(f) states that a suspension *shall* remain in effect until satisfactory proof of insurance has been filed with the director and a reinstatement fee has been paid. Nowhere in the Act is retroactive reinstatement or "deletion" of a suspended license authorized.

Damman received notice of the suspension order. He failed to produce proof of insurance at a hearing held at his request. He did not request an administrative appeal pursuant to K.S.A. 77-601 *et seq.* There is no evidence in the record that he paid a reinstatement fee or that his insurance company filed an S.R.-22 as ordered by the hearing officer. The trial court did find, however, that the injured party in the accident had been compensated. K.S.A. 1985 Supp. 40-3104(i) was subsequently amended to exclude the language concerning release of liability because the law now requires that continuous insurance be maintained and the penalties are no longer contingent on the occurrence of an accident. L. 1986, ch. 182. The Division of Vehicles based its "deletion" on a phone call from Ranger Insurance.

Driving a motor vehicle while one's license is suspended is a class B misdemeanor on the first conviction. K.S.A. 1988 Supp. 8-262(a). Damman had not taken any of the affirmative steps required for reinstatement of his license under Kansas law when he was arrested in December 1987, approximately one and one-half years after the suspension order.

In *State v. Day,* 40 Or. App. 235, 238, 594 P.2d 1285, *rev. denied* 287 Or. 301 (1979), a case involving the suspension of a license for failure to show proof of insurance, the Oregon Court of Appeals said:

"A person whose license has been suspended by action of the Motor Vehicles

Division must obey that suspension order until the suspension is lifted by the Division. If the suspension is improper she must follow the appropriate legal procedure to correct the error rather than simply disregarding it on a belief that it is improper."

Damman was aware that his license had been suspended. He failed to appeal the order of the Division of Vehicles and he failed to take the steps necessary to be reinstated. Once the Division of Vehicles had complied with the notice and hearing requirements, the burden was on Damman to prove he was entitled to reinstatement. He is not free to ignore the suspension and drive in violation of the law. See *Bumgardner v. S.C. Dept. of Hwys. & Pub. Trans.*, 286 S.C. 46, 49, 331 S.E.2d 787 (Ct. App. 1985).

Damman was found not guilty by the trial court. His guilt or innocence is not at issue in this K.S.A. 22-3602(b)(3) "question reserved" appeal.

In our view, state agencies should be encouraged to correct intra-departmental errors. The simple method of problem resolution has a salutary effect on a citizen's relationship to government.

On February 2, 1988, the Director of the Division of Vehicles issued his "Reinstatement Order" addressed to Damman. The order stated: "FR2 has been deleted from your record." (FR2 represents "Failure to meet requirements for financial security following accident—administrative suspension.")

The issuance of the deletion order was proper under the facts of this case; however, such an order does not have a retroactive effect.

## 2. THE PROSECUTION'S MOTION IN LIMINE

At the hearing on Damman's motion for dismissal in the district court, the State filed a motion in limine to exclude any evidence that the Division of Vehicles had "deleted" Damman's suspension. The State argued that the Division is not authorized to delete the suspension under Kansas law. The district court denied the motion, finding that the Division was justified in eradicating the suspended license.

The action taken by the Director of Vehicles on February 2, 1988, in deleting Damman's suspension was not relevant to Damman's guilt or innocence on December 16, 1987, the date of his arrest. The motion in limine should have been granted. Damman had been driving with a suspended license for more

than seventeen months. The facts as they existed on the date of his arrest form the relevancy arena for the determination of guilt or innocence on the charge.

Damman could have been found guilty. He was not.

The State's appeal is denied in part and sustained in part.