No. 76,819

STATE OF KANSAS, *Appellant*, v. TIMOTHY DOYLE LAWSON,
*Appellee*.

933 P.2d 684

Opinion filed
March 7, 1997.

*Roger D. Struble*, of Blackwell, Blackwell & Struble, Chtd., of Salina, argued the cause and was on the brief for appellee.

*Julie A. McKenna*, county attorney, argued the cause, and *Thomas R. Stanton*, assistant county attorney, and *Carla J. Stovall*, attorney general, were with her on the brief for appellant.

The opinion of the court was delivered by

McFARLAND, C.J.: This is an appeal by the State from the district court's dismissal of a complaint charging Timothy Doyle Lawson with driving on a suspended driver's license. The dismissal was based on the court's determination that, at the time of the commission of the offense, defendant was eligible for reinstatement of his driving privileges.

The pertinent facts may be summarized as follows. On August 9, 1995, Lawson's driver's license was suspended for failure to maintain automobile liability insurance. On September 15, 1995, defendant was arrested for driving in violation of the August 9 suspension order. A records check revealed defendant had two prior convictions for driving while his driving privileges had been revoked (November 20, 1990, and June 20, 1994). By virtue of the prior convictions, he was charged on October 5, 1995, pursuant to

K.S.A. 1996 Supp. 8-262(a)(1)(C), a severity level 9, nonperson felony.

Defendant waived trial by jury, admitting he was driving a motor vehicle at the time and place charged. He moved for dismissal of the charge on the grounds prosecution for the offense was barred pursuant to K.S.A. 1996 Supp. 8-262(a)(2) as he was eligible for reinstatement of his driving privileges. In support of his motion to dismiss, defendant established that subsequent to his arrest on September 15, 1995, he had: (1) obtained automobile insurance; (2) filed the requisite forms with the Division of Vehicles; (3) obtained reinstatement of his driving privileges on October 24, 1995; and (4) received a new driver's license on October 27, 1995.

K.S.A. 1996 Supp. 8-262(a)(2) provides:

"No person shall be convicted under this section if such person was entitled at the time of arrest under K.S.A. 8-257, and amendments thereto, to the return of such person's driver's license or was, at the time of arrest, eligible under K.S.A. 8-256, and amendments thereto, to apply for a new license to operate a motor vehicle."

The two statutes referred to within this statute follow.
K.S.A. 1996 Supp. 8-256:

"The division shall not suspend or revoke a person's license to operate a motor vehicle on the public highways for a period of more than one year, except as specifically authorized by statute."

K.S.A. 8-257:

"The division, upon suspending or revoking a license, shall require that such license shall be surrendered to and be retained by the division except that at the end of the period of suspension of such license, the license so surrendered shall be returned to the licensee, except as otherwise provided by law."

Defendant argued to the district court that as his driving privileges were restored a few weeks after his arrest, he was eligible for reinstatement at the time of his arrest and that, accordingly, K.S.A. 1996 Supp. 8-262(a)(2) barred the prosecution. The district court agreed, ruling from the bench as follows:

"Well, the Court's going to find that the purpose of the suspension for failure to maintain financial liability or otherwise fulfill the financial responsibilities of the license have been fulfilled in this case, that the license was in effect reinstated

shortly after the charges in this case were filed so the defendant evidently was eligible for reinstatement and so I think the purpose of the statute in this case was financial responsibility rather than protecting from such things as multiple driving under the influence or that sort of thing. The Court's going to find that the defendant was eligible for reinstatement, was in fact reinstated, that the charge should therefore be dismissed on that basis."

The State brings this appeal as of right pursuant to K.S.A. 22-3602(b)(1) (dismissal of a complaint).

The sole issue is whether the district court erred in dismissing the complaint based upon K.S.A. 1996 Supp. 8-262(a)(2) and is, accordingly, wholly a matter of statutory construction.

Some general rules of statutory construction need to be stated at this point in the discussion. Interpretation of a statute is a question of law. An appellate court's review of a question of law is unlimited. *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995); see *State v. Donlay*, 253 Kan. 132, 133-34, 853 P.2d 680 (1993). When determining a question of law, this court is not bound by the decision of the district court. *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986).

It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. *City of Wichita v. 200 South Broadway*, 253 Kan. 434, 436, 855 P.2d 956 (1993). The several provisions of an act, *in pari materia*, must be construed together with a view of reconciling and bringing them into workable harmony and giving effect to the entire statute if it is reasonably possible to do so. *Guardian Title Co. v. Bell*, 248 Kan. 146, 151, 805 P.2d 33 (1991) (quoting *Easom v. Farmers Insurance Company*, 221 Kan. 415, Syl. ¶ 3, 560 P.2d 117 [1977]). When a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute. *State v. Alires*, 21 Kan. App. 2d 139, Syl. ¶ 2, 895 P.2d 1267 (1995). Our criminal statutes are to be construed strictly against the State. *State v. JC Sports Bar, Inc.*, 253 Kan. 815, 818, 861 P.2d 1334 (1993).

The State argues that K.S.A. 1996 Supp. 8-262(a)(2) establishes only two instances in which a statutory defense exists: (1) when the driver is entitled, at the time of his or her arrest, to the return of his or her license under K.S.A. 8-257; and (2) when the driver is eligible, at the time of his or her arrest, to apply for a new license under K.S.A. 1996 Supp. 8-256. The State argues that defendant was ineligible for a license under either section.

Defendant argues that K.S.A. 1996 Supp. 8-262(a)(2) provides that a person cannot be convicted of driving while suspended if, at the time of his or her arrest, the driver was eligible to take some affirmative action to get his or her license reinstated. Because defendant was subsequently able to obtain a new license, he argues that the district court was correct in dismissing the complaint.

Defendant's argument is flawed. He had not lost his driving privileges for a specified period of time under Chapter 8 of the Kansas Statutes which had expired at the time of his arrest. Rather, he was under an indefinite suspension order for violation of the Kansas Automobile Injury Reparations Act, K.S.A. 40-3101 *et seq.*

K.S.A. 1996 Supp. 40-3104 states, in part:

"(a) Every owner shall provide motor vehicle liability insurance coverage in accordance with the provisions of this act for every motor vehicle owned by such person. . . ."

Defendant violated the Act by failing to have the requisite liability insurance in effect.

K.S.A. 1996 Supp. 40-3118 provides, in pertinent part:

"(e) Whenever the director shall receive prima facie evidence, as prescribed by this section, that continuous financial security covering any motor vehicle registered in this state is not in effect, the director shall notify the owner by registered or certified mail or United States post office certificate of mailing that, at the end of 30 days after the notice is mailed, the registration for such motor vehicle and the driving privileges of the owner of the vehicle shall be suspended or revoked, pursuant to such rules and regulations as the secretary of revenue shall adopt, unless within 10 days after the notice is mailed: (1) Such owner shall demonstrate proof of continuous financial security covering such vehicle to the satisfaction of the director; or (2) such owner shall mail a written request which is postmarked within 10 days after the notice is mailed requesting a hearing with the director. Upon receipt of a timely request for a hearing, the director shall afford such person an opportunity for hearing within the time and in the manner provided in K.S.A.

8-255 and amendments thereto. If, within the ten-day period or at the hearing, such owner is unable to demonstrate proof of continuous financial security covering the motor vehicle in question, the director shall revoke the registration of such motor vehicle and suspend the driving privileges of the owner of the vehicle.

"(f) *Whenever the registration of a motor vehicle or the driving privileges of the owner of the vehicle are suspended or revoked for failure of the owner to maintain continuous financial security, such suspension or revocation shall remain in effect until satisfactory proof of insurance has been filed with the director as required by subsection (d) and a reinstatement fee in the amount herein prescribed is paid to the division of vehicles.* Such reinstatement fee shall be in the amount of $25 except that if the registration of a motor vehicle of any owner is revoked within one year following a prior revocation of the registration of a motor vehicle of such owner under the provisions of this act such fee shall be in the amount of $75. . . ." (Emphasis supplied.)

By enactment of the financial responsibility provisions, the legislature intended that no motor vehicle was to be operated upon the highways of Kansas unless it was covered by at least the statutorily fixed minimum levels of insurance. Defendant's driving privileges were indefinitely suspended for failure to comply therewith. This is not a period of suspension that expires with the passage of time. His suspension would remain in effect until such time as satisfactory proof of insurance would be filed and the requisite fee paid. Defendant presented such proof a few weeks after his arrest and received a license.

In *State v. Damman*, 244 Kan. 487, 769 P.2d 662 (1989), we discussed various aspects of suspension of driving privileges for failure to maintain automobile insurance. In *Damman*, defendant's license was suspended, but it was later discovered he had, in fact, had continuous liability insurance. While so suspended, however, defendant was arrested for driving on a suspended license. The Division of Vehicles reinstated defendant's license. We held that the facts as they exist on the date of arrest form the relevancy arena for the determination of guilt or innocence on a charge of driving while suspended pursuant to 8-262 and that the reinstatement order did not have a retroactive effect. 244 Kan. at 491-92.

K.S.A. 1996 Supp. 8-262(a)(2) is inapplicable to, and offers no defense to, the charge herein.

For convenience, K.S.A. 1996 Supp. 8-262(a)(2) is repeated:

"No person shall be convicted under this section if such person was entitled at the time of arrest under K.S.A. 8-257, and amendments thereto, to the return of such person's driver's license or was, at the time of arrest, eligible under K.S.A. 8-256, and amendments thereto, to apply for a new license to operate a motor vehicle."

At the time of his September 15, 1995, arrest, defendant was not entitled to the return of his license under K.S.A. 8-257 or eligible under K.S.A. 1996 Supp. 8-256 to apply for a new license. Rather, defendant was under an order of indefinite suspension of his driving privileges which could end only by his submitting satisfactory proof of insurance and paying the requisite fee pursuant to K.S.A. 1996 Supp. 40-3118(f). Any other interpretation would be inconsistent with both the specific language of K.S.A. 1996 Supp. 8-262(a)(2) and the mandatory insurance provisions of the Kansas Automobile Injury Reparations Act. We conclude, under the facts of this case, K.S.A. 1996 Supp. 8-262(a)(2) is inapplicable and provides no defense to the charge herein.

We further conclude the district court erred in dismissing the complaint herein.

The judgment of the district court is reversed, and the case is remanded for further proceedings.