No. 79,841

STATE OF KANSAS, *Appellee*, v. THOMAS L. PETERSON, *Appellant*.

(962 P.2d 1076)

Opinion filed July 10, 1998.

*Sharon L. Stolte*, of Martin, Pringle, Oliver, Wallace & Swartz, L.L.P., of Overland Park, argued the cause and was on the brief for appellee.

*Mary Stephenson Hosack*, assistant district attorney, argued the cause, and *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is a direct appeal by the defendant, Thomas L. Peterson, from his conviction for driving on a suspended driver's license in violation of K.S.A. 1997 Supp. 8-262(a)(1).

On February 3, 1996, Peterson's driving privileges were administratively suspended for 1 year for refusal to submit to a drug and alcohol test. He was eligible for reinstatement on February 3, 1997, and his driving privileges were reinstated on that date. The following day the Kansas Department of Revenue, Division of Vehicles Driver Control Bureau, sent Peterson a "Driver's License Suspension Order." The notice stated:

"DUE TO YOUR ALCOHOL OCCURRENCE YOU ARE REQUIRED TO TAKE AND PASS THE COMPLETE DRIVER'S LICENSE EXAMINATION AND PAY THE REQUIRED FEES.
"YOU MUST SUCCESSFULLY COMPLETE THIS EXAMINATION WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS LETTER. IF YOU FAIL TO DO SO YOUR DRIVING PRIVILEGES WILL BE SUSPENDED

ON THE DATE CITED ABOVE WITHOUT FURTHER NOTICE FROM
THIS DIVISION.
"YOU MUST PRESENT THIS ORDER TO THE DRIVER LICENSE EX-
AMINER."

Peterson did not take the driver's license examination or pay the
required fees ($50 reinstatement fee and $5 examination fee).

On March 30, 1997, Peterson was arrested for various traffic
infractions and for driving while his license was canceled, revoked,
or suspended in violation of K.S.A. 1997 Supp. 8-262(a)(1). Peter-
son subsequently paid the required fees, passed the driver's license
test, and was granted a new license to operate a motor vehicle on
May 20, 1997.

The sole issue in this case is whether the district court erred in
convicting Peterson of driving on a suspended license in violation
of K.S.A. 1997 Supp. 8-262(a)(1). Peterson contends that he has a
defense under subparagraph (2) of that statute. This is a matter of
statutory construction, and "[i]nterpretation of a statute is a ques-
tion of law. An appellate court's review of a question of law is
unlimited. [Citations omitted.] When determining a question of
law, this court is not bound by the decision of the district court.
[Citation omitted.]" *State v. Lawson*, 261 Kan. 964, 966, 933 P.2d
684 (1997).

Under K.S.A. 1997 Supp. 8-262(a)(1), "[a]ny person who drives
a motor vehicle on any highway of this state at a time when such
person's privilege so to do is canceled, suspended or revoked shall
be guilty of a: (A) Class B nonperson misdemeanor on the first
conviction."

K.S.A. 1997 Supp. 8-262(a)(2), however, states:

"No person shall be convicted under this section if such person was entitled at
the time of arrest under K.S.A. 8-257, and amendments thereto, to the return of
such person's driver's license or was, at the time of arrest, eligible under K.S.A.
8-256, and amendments thereto, to apply for a new license to operate a motor
vehicle."

The statutes referred to within K.S.A. 1997 Supp. 8-262(a)(2) pro-
vide that "[t]he division shall not suspend or revoke a person's
license to operate a motor vehicle on the public highways for a
period of more than one year, except as specifically authorized by

statute." K.S.A. 1997 Supp. 8-256. Also, when the division suspends a license, "such license shall be surrendered to and be retained by the division except that at the end of the period of suspension of such license, the license so surrendered shall be returned to the licensee, except as otherwise provided by law." K.S.A. 8-257.

In *Lawson*, the defendant's driver's license was suspended for failure to maintain automobile insurance in accordance with K.S.A. 1997 Supp. 40-3104.

K.S.A. 1997 Supp. 40-3118(f) provides:

"Whenever the registration of a motor vehicle or the driving privileges of the owner of the vehicle are suspended or revoked for failure of the owner to maintain continuous financial security, such suspension or revocation shall remain in effect until satisfactory proof of insurance has been filed with the director as required by subsection (d) and a reinstatement fee in the amount herein prescribed is paid to the division of vehicles."

Lawson was charged with driving in violation of the suspension order. Subsequent to his arrest, he obtained automobile insurance, filed the requisite forms, and obtained reinstatement of his driving privileges. He argued that since his driving privileges were restored a few weeks after his arrest, he was eligible for reinstatement at the time of his arrest, and K.S.A. 1997 Supp. 8-262(a)(2) barred his prosecution. The trial court dismissed the complaint on the basis that he was eligible for reinstatement and thus prosecution was barred.

This court held:

"It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. [Citation omitted.] The several provisions of an act, *in pari materia*, must be construed together with a view of reconciling and bringing them into workable harmony and giving effect to the entire statute if it is reasonably possible to do so. [Citations omitted.]" 261 Kan. at 966.

We also held that when a statute is plain and unambiguous, "the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute as to add something not readily found in the statute. *State v. Alires*, 21 Kan. App. 2d 139, Syl. ¶ 2, 895 P.2d 1267 (1995)." *Lawson*, 261 Kan. at 966. Although crim-

inal statutes are to be construed strictly against the State, the *Lawson* court reasoned that when the defendant was arrested on September 15, 1995, he was not entitled to the return of his license under K.S.A. 8-257, nor eligible under K.S.A. 1997 Supp. 8-256 to apply for a new license. Rather, he was under an order of indefinite suspension of his driving privileges which could end only by his submitting satisfactory proof of insurance and paying the requisite fee. 261 Kan. at 969.

In the case presently before us, the Division of Vehicles sent Peterson a letter pursuant to K.S.A. 1997 Supp. 8-241. This statute delineates in part:

"(a) Except as provided in K.S.A. 8-2,125 through 8-2,142, and amendments thereto, any person licensed to operate a motor vehicle in this state shall submit to an examination whenever: (1) The division of vehicles has good cause to believe that such person is incompetent or otherwise not qualified to be licensed; or (2) the division of vehicles has suspended such person's license pursuant to K.S.A. 8-1014, and amendments thereto, as the result of a test refusal, test failure or conviction for a violation of K.S.A. 8-1567, and amendments thereto, or a violation of city ordinance or county resolution prohibiting the acts prohibited by K.S.A. 8-1567 and amendments thereto, except that no person shall have to submit to and successfully complete an examination more than once as the result of separate suspensions arising out of the same occurrence.

"(b) When a person is required to submit to an examination pursuant to subsection (a)(1), the fee for such examination shall be in the amount provided by K.S.A 8-240, and amendments thereto. When a person is required to submit to an examination pursuant to subsection (a)(2), the fee for such examination shall be $5. In addition, any person required to submit to an examination pursuant to subsection (a)(2) shall be required, at the time of examination, to pay a reinstatement fee of $50. . . .

"(c) When an examination is required pursuant to subsection (a), at least five days' written notice of the examination shall be given to the licensee. The examination administered hereunder shall be at least equivalent to the examination required by subsection (e) of K.S.A. 8-247, and amendments thereto, with such additional tests as the division deems necessary. Upon the conclusion of such examination, the division shall take action as may be appropriate and may suspend or revoke the license of such person or permit the licensee to retain such license, or may issue a license subject to restrictions as permitted under K.S.A. 8-245, and amendments thereto.

"(d) Refusal or neglect of the licensee to submit to an examination as required by this section shall be grounds for suspension or revocation of the license."

Peterson received a letter informing him that he needed to take certain affirmative actions before his driving privileges could be reinstated. In addition to paying a required fee and satisfactorily completing the test, the division had further discretionary power pursuant to K.S.A. 1997 Supp. 8-241(c). Under K.S.A. 1997 Supp. 8-241(c), the division may require additional tests as it deems necessary and may suspend or revoke the license, permit the licensee to retain such license, or issue a license subject to restrictions.

In *Lawson*, we held the defendant was ineligible by reason of having failed to acquire the requisite liability insurance. Here, Peterson similarly violated K.S.A. 1997 Supp. 8-241 by failing to take the requisite test and pay the mandatory fees in accordance with the statute. He thus was not eligible for reinstatement or entitled to the return of his license at the time of his arrest. We believe the situation to be analogous to that addressed in *Lawson*. When Peterson failed to comply with the requirements of K.S.A. 1997 Supp. 8-241 within the 30-day period after February 3, 1997, he was no longer eligible for reinstatement. He became subject to K.S.A. 1997 Supp. 8-241(d). When Peterson was arrested, he was under an order of indefinite suspension of his driving privileges pursuant to K.S.A. 1997 Supp. 8-241(d), which could only end upon his completion of the requisite acts set out in K.S.A. 1997 Supp. 8-241. We thus hold that under the facts of this case, K.S.A. 1997 Supp. 8-262(a)(2) is inapplicable.

Affirmed.

ALLEGRUCCI, J., concurring in the result.