(992 P.2d 819)
No. 81,647

STATE OF KANSAS, *Appellee,* v. ANTHONY H. PATTON, *Appellant.*

———

Opinion
filed November 19, 1999.

*Cory D. Riddle,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*Julie McKenna,* county attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before CHIEF JUSTICE MCFARLAND, presiding, WAHL, S.J., and MARLA J. LUCKERT, District Judge, assigned.

WAHL, J.: Anthony H. Patton appeals his conviction for driving while his license was suspended after having had his driver's license suspended twice before, in violation of K.S.A. 1998 Supp. 8-262(a)(1)(C), a severity level 9, nonperson felony. Patton was sentenced to 16 months' imprisonment.

At a bench trial, Patton was convicted on the following stipulated facts: On December 16, 1996, Officer Cox was en route to WalMart in Salina in response to a shoplifting report. Upon his arrival, Officer Cox observed defendant driving a vehicle in the WalMart parking lot. Patton's driving privileges were then suspended. The WalMart parking lot is privately owned and open to the public for patrons of WalMart. Patton's driving privileges had been suspended twice before.

Patton filed a motion to dismiss the complaint on the ground that the parking lot was not a public highway. On May 6, 1997, this motion was overruled by the court with the following comment:

"[The court] has reviewed the motion to dismiss. It will overrule the motion, Mr. Hermesmeyer. It's not that you don't have some good arguments, it's just again that driving in a lot open to the public that abuts public highways the Court considers to be a public highway for the purposes of this case, which I understand is a point of disagreement, and that's fine."

Also on May 6, 1997, the court found Patton guilty. Sentence was not pronounced until February 13, 1998, when Patton was sentenced to 16 months in the custody of the Secretary of Corrections. Patton filed a notice of appeal on February 18, 1998, from "all adverse rulings and decisions . . . entered on February 13, 1998."

The State has raised the question of whether we have jurisdiction to hear this appeal.

On April 22, 1999, Patton filed a motion with this court to add to the appellate record the affidavit of his trial attorney, stating that the notice of appeal was intended to include all adverse rulings made throughout the case. This motion was allowed by this court on May 6, 1999, and the affidavit was added to the appellate record. We conclude that we have jurisdiction of this appeal by virtue of *State v. Ortiz*, 230 Kan. 733, Syl. ¶ 3, 640 P.2d 1255 (1982).

Patton asks us to review the district court's application of K.S.A. 1998 Supp. 8-262 to the facts of this case. Interpretation of a statute is a question of law over which the appellate court has unlimited review. See *State v. Lewis*, 263 Kan. 843, 847, 953 P.2d 1016 (1998). An appellate court is not bound by the district court's in-

terpretation of a statute. *Cure v. Board of Hodgeman County Comm'rs*, 263 Kan. 779, 782, 952 P.2d 920 (1998). Our criminal statutes must be construed strictly against the State. *State v. Lawson*, 261 Kan. 964, 966, 933 P.2d 684 (1997).

Appellant was charged with violating K.S.A. 1998 Supp. 8-262(a)(1)(C), which provides:

"Any person who drives a motor vehicle *on any highway of this state* at a time when such person's privilege so to do is canceled, suspended or revoked shall be guilty of a . . . severity level 9, nonperson felony on a third or subsequent conviction." (Emphasis added.)

Patton argues he was driving in a parking lot, privately owned and operated by WalMart, not "on any highway of this state"; therefore, he could not be convicted of violating K.S.A. 1998 Supp. 8-262.

The State takes the position that the definition of "highway" in K.S.A. 8-1424, when read together with K.S.A. 1998 Supp. 8-262 and other definitions, requires that appellant's conviction be affirmed.

K.S.A. 1998 Supp. 8-262 is part of the Motor Vehicle Drivers' License Act, K.S.A. 8-234a *et seq.* The definitions statute for this Act provides, in part:

"(b)   As used in this act, the words and phrases defined by the sections in article 14 of chapter 8 of the Kansas Statutes Annotated shall have the meanings respectively ascribed to them therein, unless a different meaning is ascribed to any such word or phrase by subsection (a) of this section." K.S.A. 1998 Supp. 8-234a.

Turning to article 14 of chapter 8, we find the following definition of "highway":

" 'Highway' means the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." K.S.A. 8-1424.

After reviewing all of the definitions applicable to this Act, we note that the legislature has provided very specific definitions for the words and phrases used in the Motor Vehicle Drivers' License Act. "Parking lot" is not defined and the WalMart parking lot,

where defendant was driving, does not fit the definition of a highway as set out in K.S.A. 8-1424.

The legislature has defined "highway" differently for other purposes. K.S.A. 1998 Supp. 8-126(s), applicable to motor vehicle registrations, defines "highway" as

"every way or place of whatever nature open to the use of the public as a matter of right for the purpose of vehicular travel. The term 'highway' shall not be deemed to include a roadway or driveway upon grounds owned by private owners, colleges, universities or other institutions."

The legislature defines "highway" differently for other moving violations. The Uniform Act Regulating Traffic on Highways, which does not include K.S.A. 1998 Supp. 8-262 (see K.S.A. 1998 Supp. 8-2204), specifically provides that the article 15 statutes relating to the operation of vehicles

"refer exclusively to the operation of vehicles upon highways except:

"(a)   Where a different place is specifically referred to in a given section; and

"(b)   The provisions of K.S.A. 8-1566 to 8-1568, inclusive, and the provisions of article 10 of chapter 8 of the Kansas Statutes Annotated, and any acts amendatory thereof, shall apply *upon highways and elsewhere throughout the state.*" (Emphasis added.) K.S.A. 8-1501

The words "elsewhere throughout the state" in K.S.A. 8-1501 have been interpreted by the Kansas Supreme Court to mean *"at any other place within the state* including strictly private property as well as public highways, public property and private property open to the public." *State v. Budden,* 226 Kan. 150, 154, 595 P.2d 1138 (1979).

We conclude that had the legislature wanted K.S.A. 1998 Supp. 8-262 to apply on private property open to the public, it would have added the words "and elsewhere throughout the state" to the statute. As it now reads, and since it must be construed strictly against the State, appellant was not in violation of K.S.A. 1998 Supp. 8-262 since he was not driving a vehicle upon a highway of this state.

Reversed.