(36 P.3d 859)

No. 86,172

STATE OF KANSAS, *Appellee*, v. VAN R. WILLIAMS, *Appellant*.

Opinion filed December 21, 2001.

*Cory D. Riddle*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Lesley A. McFadden*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before KNUDSON, P.J., PIERRON and GREEN, JJ.

GREEN, J.: Van R. Williams appeals the imposition of postrelease supervision on the basis that the trial court lacked authority to impose postrelease supervision under K.S.A. 2000 Supp. 22-3716(e). We agree and reverse and remand for resentencing.

Williams pled guilty to one count of possession of cocaine and no drug tax stamp. He was sentenced to 24 months' probation with an underlying prison sentence of 11 months and 24 months of postrelease supervision. Williams' probation was later revoked for failure to comply with the conditions of probation. The trial court imposed the underlying sentence of 11 months and modified postrelease supervision to 12 months.

On appeal, Williams argues that the trial court erred in ordering postrelease supervision. Resolution of this issue requires interpretation of K.S.A. 2000 Supp. 22-3716(e). Statutory interpretation is a question of law over which this court exercises unlimited review. *State v. Peterson*, 265 Kan. 732, 733, 962 P.2d 1076 (1998).

Williams contends that he is not subject to postrelease supervision upon completion of his prison sentence imposed as a result of the revocation of his probation. A plain reading of K.S.A. 2000

Supp. 22-3716(e) indicates that his assertions are correct. The statute provides:

"Notwithstanding the provisions of any other law to the contrary, an offender whose nonprison sanction is revoked and a term of imprisonment imposed pursuant to either the sentencing guidelines grid for nondrug or drug crimes shall not serve a period of postrelease supervision upon the completion of the prison portion of that sentence. The provisions of this subsection shall not apply to offenders sentenced to a nonprison sanction pursuant to a dispositional departure, whose offense falls within a border box of either the sentencing guidelines grid for nondrug or drug crimes, offenders sentenced for a 'sexually violent crime' . . . or whose nonprison sanction was revoked as a result of a conviction for a new misdemeanor or felony offense. . . . The provisions of this subsection shall be applied retroactively."

Here, Williams' probation was revoked when he failed to remit payment for the ordered costs and failed to report to his probation officer. However, under K.S.A. 2000 Supp. 22-3716(e), postrelease supervision is not to be imposed when an offender's nonprison sanction is revoked for failure to comply with the terms and conditions of probation and he or she fulfills the obligation of the underlying sentence. As a conditional violator, Williams does not fall within the exceptions listed in K.S.A. 2000 Supp. 22-3716(e) and is not subject to postrelease supervision. As a result, we remand this case with directions to remove the requirement of postrelease supervision from Williams' sentence.

Reversed and remanded with instructions.