Daniel J. Sevart, Chairman Governmental Ethics Commission 109 West 9th Street, Suite 504 Topeka, Kansas 66612
Dear Mr. Sevart:
As Chairman of the Governmental Ethics Commission (Commission), you request that we reconsider Attorney General Opinion No. 2002-3 where we concluded that an employee of the Judicial Council is not a "state officer or employee" for purposes of the State Governmental Ethics Law (Ethics Law).[1] The Commission's initial request inquired whether Judicial Council employees are employees of the judicial branch which, if so, excludes them from the definition of "state officer or employee." We did not directly answer that query. Rather, we opined that a Judicial Council employee is not a "state officer or employee" because such employee exercises duties pertaining to the functions of the judicial branch. Because we did not directly respond to the Commission's query, you ask us to do so now.
The Ethics Law restricts a "state officer or employee" from, among other things, engaging in certain lobbying activities,[2] contracting with businesses in which the person has a substantial interest,[3] and accepting gifts under certain circumstances.[4]
"State officer or employee" is defined as follows:
"(1) [A]ny individual who is an elected or appointed state officer, (2) any individual who is in the classified service or unclassified service of the Kansas civil service act, (3) all officers and employees of the legislative branch and of the governor's office . . . and (4) any individual who receives monthly or semimonthly compensation for services from the state or any state agency. State officer and employee does notinclude any justice or commissioner of the supreme court or judge of the judicial branch or employee . . . of thejudicial branch or any member of a board, council or commission who is appointed by the supreme court or who is elected or appointed to exercise duties pertaining to the functions of the judicial branch, when such person is engaged in performing a function or duty for the judicial branch."[5]
When the Ethics Law was enacted in 1974, "state officer or employee" included "all officers and employees of . . . the judicial branch," except for "justices, commissioners and judges."[6] If the Commission determined that an employee of the judicial branch had violated the Ethics Law, the Commission would provide a copy of its report to the Kansas Supreme Court which could then "impose censure or remove the state officer or employee from state service."[7] In 1975, the Ethics Law was amended[8] to remove judicial branch employees from the definition of "state officer or employee."
The current Ethics Law appears to group individuals into categories denominated as the "legislative branch," "executive branch," and the "judicial branch."[9] Generally, if a state officer or employee violates the Ethics Law, punishment is meted out by the appropriate branch. For example, an employee of the legislative branch, other than a legislator, can be disciplined by the Legislative Coordinating Council;[10] an executive branch employee can be disciplined by the Governor.[11] For a judicial branch employee, the Kansas Supreme Court can censure or remove the employee.[12] Unfortunately, the Ethics Law provides no guidance in defining these various branches of government which, in turn, makes it difficult to determine whether employees of the Judicial Council are employees of the judicial branch.
As we stated in our previous opinion, the Judicial Council was formed to "survey and study the judicial department of the state, the volume and condition of business in the courts . . . and to recommend methods of simplifying civil and criminal procedure, expediting the transaction of judicial business . . . and correcting faults in the administration of justice."[13] Members of the Judicial Council include a justice of the Kansas Supreme Court who traditionally serves as chairperson,[14] one judge from the Kansas Court of Appeals, two district court judges and four attorneys who are all appointed by the Chief Justice.[15] The other two members are the chairpersons of the Senate and House Judiciary Committees.[16] The Judicial Council employs an executive director and a handful of employees who carry out the functions of the Council.
Because of the dearth of case law and legislative history addressing the meaning of "judicial branch" in the context of the Ethics Law, we have researched a variety of publications to determine what role, if any, the Judicial Council plays in the judicial branch. When the Ethics Law was passed in 1974, the Kansas Biennial Report which detailed the activities of the three branches of government listed the Judicial Council under the listing in the Table of Contents entitled "Judicial Branch."[17] In 1978, the Legislative Division of Post Audit, in its report to the Legislative Post Audit Committee on judicial agencies, displayed a "Judicial Branch Organizational Structure" that included the Judicial Council.[18]
In his annual report to the Kansas Supreme Court entitled "An Executive Summary of the Kansas Judicial Branch," the Judicial Administrator included a "Supreme Court Administrative Chart" that identified the Judicial Council in the organization scheme.[19] In the Judicial Administrator's 1989-1990 annual report, the Judicial Administrator touted the achievements of the Judicial Council in drafting the Code of Civil Procedure, the Code of Criminal Procedure, and the Juvenile Offender and Child In Need of Care Codes.[20] In 1974, the Kansas Judicial Study Advisory Committee whose members were appointed by the Supreme Court to survey and study the Kansas court system[21] opined that the Supreme Court "has a primary responsibility for the judicial council and its work."[22]
Finally, in Professor James Drury's book, The Government of Kansas,[23]
which details the structure and function of Kansas state government, the Judicial Council is listed in a State organization chart under the judicial branch along with the Supreme Court, Court of Appeals and the district courts.
We are mindful that the Judicial Council has a budget separate from that of the budget submitted to the Director of the Budget by the Kansas Supreme Court[24] and that Judicial Council employees are not subject to the judicial personnel classification system established by the Supreme Court.[25]
Still, when one considers that part of the scheme of the Ethics Law is to group individuals into one of three branches of government, it seems more reasonable to place Judicial Council employees into the judicial branch of government rather than the legislative or executive branch. This interpretation becomes more cogent when one considers that violation of certain provisions of the Ethics Law is a class B misdemeanor.[26]
Because criminal statutes are construed strictly against the State,[27]
a court could determine that the reference in the Ethics Law to "judicial branch" is ambiguous and apply an interpretation favorable to a Judicial Council employee.
Until such time as the Legislature clearly evidences its intent with respect to Judicial Council employees, it is our opinion that for purposes of the Ethics Law, a Judicial Council employee is an employee of the judicial branch and, therefore, is not a "state officer or employee."
In Attorney General Opinion No. 2002-3, we opined that a Judicial Council employee was not a "state officer or employee" because a Judicial Council employee "exercises duties pertaining to the functions of the judicial branch." However, this exception contained in the definition of "state officer or employee" applies only if the person is a "member of a board, council or commission . . . who is elected or appointed to exercise duties pertaining to the functions of the judicial branch." Because Judicial Council employees are not elected or appointed members of a board, council or commission, this exception does not apply to them. To this extent, our conclusion in Attorney General Opinion No.2002-3 is hereby modified.
Very truly yours,
 CARLA J. STOVALL Assistant Attorney General
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] K.S.A. 46-214a et seq.
[2] K.S.A. 46-232.
[3] K.S.A. 46-233.
[4] K.S.A. 46-237.
[5] K.S.A. 46-221 (emphasis added).
[6] L. 1974, Ch. 353, § 7.
[7] L. 1974, Ch. 353, §§ 29, 48, 49 (codified at K.S.A. 46-243,46-262 and 46-263).
[8] 1975 H.B. 2625 was introduced on April 4, 1975 and enacted the following month without Governor Bennett's signature. See 1975 House Journal, 634, 977.
[9] E.g. K.S.A. 46-221 ("state officer or employee" includes "all officers and employees of the legislative branch" but excludes "employee[s] . . . of the judicial branch"); 46-237(f) (employees of the executive branch may accept monetary reimbursement for a speaking engagement under certain circumstances); 46-237a (some gifts cannot be accepted by executive branch employees); 46-222 (the definition of "lobbyist" does not include employees of the judicial branch).
[10] K.S.A. 46-243(d); 46-263(b).
[11] K.S.A. 46-243(f); 46-263(d).
[12] K.S.A. 46-243(e); 46-263(c).
[13] K.S.A. 20-2203.
[14] Report of the Kansas Judicial Study AdvisoryCommittee-Recommendations for Improving the Kansas Judicial System, 13 Wn.burn L.J. 271 (1974).
[15] K.S.A. 20-2201.
[16] Id.
[17] Kansas Biennial Report, Elwill Shanahan, Secretary of State (1974).
[18] Audit Report on Judicial Agencies, Legislative Division of Post Audit (August 1978).
See also Financial and Compliance Audit Report on Judicial Agencies,
Legislative Division of Post Audit (December 1980).
[19] An Executive Summary of the Kansas Judicial Branch, Office of Judicial Administration for fiscal years 1981-82, 1982-83.
[20] An Executive Summary of the Kansas Judicial Branch, Office of Judicial Administration, 1989-90.
[21] See K.S.A. 20-152.
[22] Report of the Kansas Judicial Study AdvisoryCommittee-Recommendations for Improving the Kansas Judicial System, 13 Wn.burn L.J. 271, 313 (May 1974).
[23] University of Kansas (5th Ed. 1997).
[24] L. 2001, Ch. 144, §§ 111, 113. See K.S.A. 20-158 ("[t]he chief justice . . . shall be responsible for the preparation of the budget for the judicial branch of state government. . . .) (Emphasis added).
[25] K.S.A. 20-162.
[26] K.S.A. 46-276.
[27] State v. Peterson, 265 Kan. 732 (1998) (any reasonable doubt regarding the meaning of the language is decided in favor of the defendant).